UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CAROLINA ARELLANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| MARSHALLS OF MA, INC., | ) | |
| KELLERMEYER BERGENSONS | ) | |
| SERVICES, LLC, IMPERIAL | ) | |
| MAINTENANCE, INC., and C&M | ) | |
| CLEANING SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Carolina Arellano, alleges as follows against Defendants, Marshalls of MA, Inc., Kellermeyer Bergensons Services, LLC, Imperial Maintenance, Inc., and C&M Cleaning Services:

### I. NATURE OF ACTION

1. Ms. Arellano brings this civil and labor rights action against Defendants for compensatory, liquidated, and punitive damages as a result of her subjugation to involuntary labor, discrimination, and wage theft.

### II. PARTIES

2. Plaintiff is Ms. Carolina Arellano. Ms. Arellano is a resident Fort Wayne, Indiana, and former employee of joint-employer Defendants. Ms. Arellano is a brown-skinned woman and an individual with very limited English language skills. Ms. Arellano is Mexican national, Spanish language speaker, and undocumented immigrant.

3. Defendants are Marshalls of MA, Inc., Kellermeyer Bergensons Services, LLC, Imperial Maintenance, Inc., and C&M Cleaning Services. Defendants are former joint-employers

of Ms. Arellano. Defendants are named for purposes of all Ms. Arellano's claims.[1]

### III. JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 18 U.S.C. § 1595(a) and 28 U.S.C. § 1331, and supplemental jurisdiction over state claims under 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### IV. FACTS

6. Between May 2015 and November 2015, Defendants employed Ms. Arellano as a janitor at their Marshalls department store on Maysville Road in Fort Wayne, Indiana.

7. Ms. Arellano worked seven days a week at the store mopping floors, sweeping offices, cleaning bathrooms, and performing other manual tasks.

8. Ms. Arellano worked mornings before the opening of the store when she would not be seen by customers or allowed to interact with coworkers.

9. Upon hiring Ms. Arellano, Defendants knew Ms. Arellano had a very limited understanding of the English language, the U.S. legal system, and U.S. labor and employment laws. Defendants knew that if they failed to provide her information about these laws and systems in Spanish, provided her misinformation about these laws, or refused to pay her, Ms. Arellano would not have enough knowledge of these laws and systems to be able to assert her rights.

---

[1] A civil labor trafficking claim may be pursued against a perpetrator "or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter [the Trafficking Victims Protection Act]." 18 U.S.C. § 1595(a). Such a person violates the Act by, among other things, obtaining involuntary labor through abuse or threatened abuse of the legal process. 18 U.S.C. § 1589(a)(3). The term "abuse or threatened abuse of law or legal process" means "the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action." *Id*. at (c)(1).

10. Accordingly, upon hiring Ms. Arellano, Defendants did not provide her adequate or intelligible labor and wage information, promised to properly pay her but never did so, and intentionally set about obtaining involuntary labor from her.[2]

11. To this end, Defendants repeatedly failed to pay Ms. Arellano or issued her checks that could not be redeemed due to insufficient funds.

12. Through these acts and omissions, Defendants intentionally and maliciously caused Ms. Arellano to work without lawful minimum payment.

13. Defendants knew that because of her lack of proficiency in the English language and U.S. law and that because she did not hold legal residency status, the assertion of her rights to payment would be virtually impossible.

14. Finally, and after Ms. Arellano insisted that she could not continue to work without full payment, Defendants at the end of November 2015 notified her that they would not pay her the wages they owed her because of "irregularities" and because of her "documentation" status.[3]

15. Ms. Arellano was then constructively discharged due to Defendants' refusal to pay her.

16. No white employee of Defendants was subject to the labor and wage violations to which Ms. Arellano was subject during her employment.

17. On October 19, 2016, the Office of the Attorney General for the State of Indiana

---

[2] Abuse of the legal process includes providing misinformation about the law or hiding information about the law in order to prevent an individual from using the legal process or knowing of its existence. *United States v. Calimlim*, 538 F.3d 706, 712-13 (7th Cir. 2008) (the guilt of a victim's labor traffickers who "portray[ed] themselves as innocent employers who simply bargained for mutual advantage" partly lay "in what they did not tell her.").

[3] *Panwar v. Access Therapies, Inc*., 975 F.Supp.2d 948, 958 (S.D. Ind. 2013) ("[C]ourts have held that threatened financial harm may constitute a type of 'serious harm' for purposes of the TVPA . . . . "[For example], plaintiffs had sufficiently alleged that defendants threatened the abuse of legal process, and that the potential financial harm faced by plaintiffs was sufficiently serious such that their labor was forced as contemplated by § 1589(a).").

authorized Ms. Arellano's counsel to pursue her wage claims against all Defendants. Documentation of this authorization is attached and incorporated into this Complaint as Exhibit A.

## V. CLAIMS FOR RELIEF

### CLAIM I
### INVOLUNTARY LABOR
### 18 U.S.C § 1595

18. Based on the facts above, Defendants knowingly and intentionally obtained Ms. Arellano's involuntary labor through abuse of the legal process in violation of the federal Trafficking Victims Protection Act of 2000, and subsequent reauthorizing acts.

19. As a result of this wrongdoing, Mr. Arellano suffered financial harm and loss, mental anguish and emotional distress, and other injury and damages.

### CLAIM II
### WAGE THEFT
### Ind. Code § 22-2-2-9; 29 U.S.C. § 216(b)

20. Based on the facts above, Defendants intentionally and in bad faith failed to make timely minimum wage payments to Ms. Adem in violation of state and federal law.

21. As a result of this wrongdoing, Ms. Arellano suffered financial harm and loss, mental anguish and emotional distress, and other injury and damages.

### CLAIM IIII
### RACIAL DISCRIMINATION
### 42 U.S.C. § 1981

22. Based on the facts above, Defendants knowingly and intentionally discriminated against Ms. Arellano in employment in violation of 42 U.S.C. § 1981 by refusing to permit her to make and enforce contracts and to enjoy the full and equal benefit of all laws as enjoyed

4

by their white employees.

23. As a result of this wrongdoing, Ms. Arellano suffered financial harm and loss, mental anguish and emotional distress, and other injury and damages.

## VI. PRAYER FOR RELIEF

Wherefore, Ms. Arellano respectfully requests the Court grant judgment for compensatory damages, punitive damages,[4] liquidated damages, and legal costs and attorneys' fees, and for all other just and proper relief.

## JURY DEMAND

Ms. Arellano demands a trial by jury on all issues alleged pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ David W. Frank
David W. Frank, #31615-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com
Counsel for Plaintiff, Ms. Carolina Arellano

DF/

---

[4] *Francisco v. Susano*, 525 Fed. Appx. 828, 835 (10th Cir. 2013) (punitive damages available under 18 U.S.C. § 1595); *Ditullio v. Boehm*, 662 F.3d 1091, 1096 (9th Cir. 2011) (punitive damages available because the Trafficking Victims Protection Act creates a claim that "sounds in tort").